**JONES et al. v. UNITED STATES.**

No. 5209.

Circuit Court of Appeals, Seventh Circuit.

Oct. 9, 1934.

George W. Sprenger, of Peoria, Ill., for appellants.

Frank K. Lemon, U. S. Atty., and James P. Dillie, Asst. U. S. Atty., both of Springfield, Ill.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Reversal is sought on three grounds, only two of which, however, were relied on when the appeal was taken.

(a) The first argument is directed to the allegation and proof that the post office official was the assistant postmaster. Appellants urge that there was no such position at Dahinda, Illinois, where the assault and attempted robbery occurred. The indictment charged appellants with "then and there wilfully, unlawfully, forcibly and feloniously assaulting one Percy Woolsey, the person then (and) there having lawful charge, control and custody of certain mail matter, to wit, the mail matter then and there in the lawful charge, control and custody of the said Percy Woolsey, in his capacity as Assistant Post Master of the Post Office of the United States of America, in the said Dahinda as aforesaid * * *." When proof was offered of the official character of Woolsey, who was in charge of the mail at the time of the robbery, counsel for appellants stipulated with the district attorney as follows:

"It is stipulated by the counsel for the defendants and the District Attorney that the record may show there is no question raised as to the fact that this was the United States Post Office on the 21st day of February, 1931; that said post office did contain United States mail for transmission by the United States Mail, and that Mr. Percy Woolsey was, at that time, assistant post master in charge of said mail. And it was so ordered by the Court."

If we correctly understand the contention of counsel for the appellants, it is that Mr. Woolsey was an employee in the post office, but he was not the assistant postmaster, as there was no official assistant postmaster at Dahinda, Illinois.

There are two answers to this argument. It was not necessary that the custody of the mail be in the assistant postmaster to constitute a crime. The allegation of the indictment to the effect that he was an assistant

postmaster was surplusage. The essential ingredient of the crime was that the individual upon whom the assault was made had "lawful charge, control or custody of any mail matter." Whether he assisted the postmaster or was an official known as the assistant postmaster is immaterial. Randazzo v. U. S. (C. C. A.) 300 F. 794.

We likewise are persuaded that the accused, through their counsel, could properly stipulate the facts as above shown. No reason has been advanced, and we have not been able to adduce one, which would justify a court's permitting substituted counsel to repudiate fact admissions solemnly and deliberately made by a party, or by counsel when made in the presence of the party or with authority so to do.

(b) Appellants' motion for a directed verdict was properly denied. The evidence was conflicting as to appellants' guilt. Appellants offered an alibi which, if accepted as true by the jury, would have resulted in their acquittal. There was other testimony, however, which came from witnesses who were disinterested, and which the jury evidently believed. This made the rejection of appellants' alibi inescapable. This appeal presents a clear case of dispute of fact, and we are therefore compelled to accept the verdict of the jury.

(c) The third contention is hardly worthy of separate consideration. The indictment contained more than one count. The District Court submitted the case to the jury on only one count. By the elimination of the other count the error complained of was cured.

The judgment is affirmed.