**William BANKS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. IP 56-C-56.**

United States District Court
S. D. Indiana, Indianapolis Division.

May 9, 1956.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., for respondent.

STECKLER, Chief Judge.

This cause came before the court on the motion of the movant, William Banks, to vacate, set aside or correct sentence pursuant to Title 28 U.S.C. § 2255 and on the respondent's motion to dismiss. An examination of the record and papers in this cause in this court shows that the petitioner, William Banks, was indicted on September 12, 1952, in Cause No. 9613 Criminal, for violation of Title 18 U.S.C. § 2114. To the indictment the defendant upon arraignment entered a plea of not guilty. On June 8, 1953 the movant was found guilty in a trial by jury and on the same date the court imposed a mandatory 25-year sentence.

Following the imposition of sentence the defendant appealed from the judgment of the court, and, although his notice of appeal was not timely filed, the Court of Appeals for the Seventh Circuit, by reason of the extenuating circumstances, and in the interest of justice, overruled the Government's motion to dismiss the appeal and ordered the clerk to treat the notice of appeal as having been timely filed.

The clerk of this court prepared and certified a transcript of the record, but apparently the appeal was not perfected. By its mandate of December 3, 1953, the Court of Appeals after being advised by petitioner of his desire to dismiss the appeal ordered the appeal dismissed.

On November 1, 1954 the petitioner filed a motion to vacate sentence pursuant to Title 28 U.S.C. § 2255 and shortly thereafter moved to dismiss the petition, which this court granted. The

present motion was filed February 29, 1956.

By his motion the movant principally raises only one real issue, that is, that the indictment under which he was charged did not state an offense under Title 18 U.S.C. § 2114. The movant contends that the indictment fails to set out that the person alleged to have been robbed by him was acting in the capacity of one having lawful custody of the property at the time of the alleged robbery. In his argument, movant stresses the elements of time and the victim's capacity at the time of the robbery.

The indictment under which petitioner was prosecuted reads as follows:

"The Grand Jury charges:

"On or about November 11, 1950, William Banks did, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, rob Alfred J. George, clerk in charge of United States Post Office contract station No. 4, Indianapolis, Indiana, of eight dollars ($8.00) more or less which was the property of the United States; that in committing such robbery said William Banks did place the life of said Alfred J. George in jeopardy by use of a dangerous weapon."

So as to have in mind the essential elements of the crime charged, the court will repeat here its definition of such elements as set forth in its instructions to the jury. The court in the trial of this case defined the essential elements to be:

"(1) the robbery of a person of any mail matter or of any money or other property of the United States; (2) that said person so robbed did, at the time of such robbery, have lawful charge, control, or custody of the mail matter, money or other property of the United States so taken; (3) that the property so taken was, in fact, mail matter, money or other property of the United States; (4) that in effecting or attempting

to effect such robbery the defendant did place said person's life in jeopardy; and (5) that said person's life was placed in jeopardy by the use of a dangerous weapon."

In analyzing the language of the indictment here under attack, by any reasonable construction the indictment cannot be said to be deficient for failure to cover the essential elements of the offense. Through a reasonable and common sense reading of the indictment, that portion which reads, "On or about November 11, 1950, William Banks did, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, rob Alfred J. George, *clerk in charge* (emphasis added) of the United States Post Office contract station No. 4, Indianapolis, Indiana, * * *." implicitly states that the victim of the robbery was acting in the capacity of one having lawful charge, control or custody of the money or other property at the time of the alleged robbery.

The sufficiency of an indictment is not open to attack by a motion under Title 28 U.S.C. § 2255, unless the indictment is so obviously defective as not to charge an offense by any reasonable construction. Klein v. United States, 7 Cir., 1953, 204 F.2d 513; Steffler v. United States, 7 Cir., 1944, 143 F.2d 772; Aaron v. United States, 4 Cir., 1951, 188 F.2d 446, certiorari denied 1950, 341 U.S. 954, 71 S.Ct. 1006, 95 L.Ed. 1376. In view of the holdings in these and other cases, the court is of the view that the indictment here in consideration was sufficient and that the petitioner's present claim is without merit.

The indictment, to be proper, must do three things:

(1) It must embrace every element of the offense charged.

(2) It must apprise the accused of the nature of the accusation.

(3) It must be sufficiently specific to protect the accused against a subsequent prosecution for the same offense.

The indictment here in question meets these requirements.

In view of the above, and in view of the fact that the files and records of the case show that the petitioner is entitled to no relief under Title 28 U.S.C. § 2255, the court concludes that the motion of the petitioner should be and the same is hereby Overruled and the motion of the respondent to dismiss is Sustained.