William BANKS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 11781.

United States Court of Appeals
Seventh Circuit.

Jan. 4, 1957.

Rehearing Denied Jan. 29, 1957.

Kenneth J. Burns, Jr., Chicago, Ill., for petitioner.

Jack C. Brown, U. S. Atty., Don A. Tabbert, Asst. U. S. Atty., Indianapolis, Ind., for respondent.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order denying a motion by petitioner, William Banks, to vacate, set aside or correct sentence pursuant to 28 U.S.C.A. § 2255. The opinion and order of the District Court are reported in 140 F.Supp. 837.

Petitioner was indicted for violation of Section 2114, 18 U.S.C.A., and was found guilty as charged in a trial by jury. Judgment was entered on the verdict and petitioner received a mandatory sentence of 25 years. Petitioner appealed from the judgment and sentence but the appeal was dismissed at his request. Thereafter, on November 1, 1954, petitioner filed a motion pursuant to Section 2255 to vacate his sentence but a short time later the District Court, at the request of petitioner, dismissed the petition. Approximately two years later the petitioner filed the motion which we are here considering.

The question presented by this appeal is whether the indictment under which petitioner was convicted stated an offense under 18 U.S.C.A. § 2114. Petitioner contends that the indictment failed to allege that the person robbed by him had lawful charge of the property taken at the time of the robbery.

After express reference to Section 2114, the indictment reads as follows:

"The Grand Jury charges:

"On or about November 11, 1950, William Banks did, at Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, rob Alfred J. George, *clerk in charge* of United States Post Office contract station No. 4, Indianapolis Indiana, of eight dollars ($8.-00) more or less which was the property of the United States; that in committing such robbery said William Banks did place the life of said Alfred J. George in jeopardy by use of a dangerous weapon." (Emphasis added.)

 An essential element of the crime defined in Section 2114 is that the victim have lawful charge, control or custody of the mail, money or other property of the United States. 18 U.S.C.A. § 2114; Jones v. United States, 7 Cir., 72 F.2d 873; Randazzo v. United States, 8 Cir., 300 F. 794. It is a fundamental rule of law that an indictment is not sufficient and will not sustain a conviction unless it charges all essential elements of the crime. United States v. Tornabene, 3 Cir., 222 F.2d 875. However, the sufficiency of an indictment may not be questioned in this proceeding unless it is so obviously defective as not to charge an offense under any reasonable construction. Klein v. United States, 7 Cir., 204 F.2d 513; Moye v. United States, 7 Cir., 218 F.2d 81.

The pivotal issue in this cause is whether the italicized portion of the indictment charged that George had lawful charge, control or custody of the money or property taken by petitioner. Petitioner insists that "clerk in charge" refers to the employment status of George and therefore is surplusage. The indictment is no doubt defective if petitioner's construction is applied, and petitioner correctly states the law that the employment status or title of the victim is immaterial and may be disregarded as surplusage. Jones v. United States, 7 Cir., 72 F.2d 873; Randazzo v. United States, 8 Cir., 300 F. 794. However, we are constrained to disagree with petitioner's construction of the indictment. The phraseology and grammatical structure of the indictment leave much to be desired, but the court is of the opinion that a reasonable construction of the indictment implicitly, if not explicitly, states that George had lawful charge of the money or other property at the time of the robbery.

This court appreciates the able assistance of Mr. Kenneth J. Burns, Jr., the court appointed counsel for the petitioner-appellant in this cause.

The order of the District Court is affirmed.

Affirmed.