Paul Louis **LOCKHART**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16848.

United States Court of Appeals
Eighth Circuit.

Aug. 11, 1961.

---

1. The quoted comment was prepared by the writer of this opinion.

Paul Louis Lockhart, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The trial court permitted appellant to file notice of appeal without payment of fee but denied him leave to proceed further in forma pauperis, certifying that the appeal was without merit and so not taken in good faith.

Appellant challenges this certificate and seeks leave from us to prosecute the appeal in forma pauperis. He also asks for the appointment of counsel to represent him.

The appeal is from an order, which made denial on its face of a motion by appellant for vacation of his sentence, under 28 U.S.C.A. § 2255.

Appellant had waived indictment under Rule 7(b) of the Rules of Criminal Procedure, 18 U.S.C.A., and had pleaded guilty to an information charging him, under 18 U.S.C. § 2114, with having robbed a clerk, in charge of a Post Office Contract Station, of $180.87 in funds belonging to the United States, of which such clerk had lawful charge, custody and control, and having in effecting the robbery put the clerk's life in jeopardy by the use of a loaded automatic pistol. The court had imposed the mandatory 25-year term required by § 2114 for this aggravated degree of the offense.

The basis of appellant's motion under § 2255 was that, on the facts stated by the Government at the time of the sentencing, the robbery involved was not able to constitute an offense under § 2114 of the Criminal Code. The Assistant United States Attorney, in his comments to the court, had remarked that the robbery occurred at 5:45 p. m. The agreement between the Government and the robbery victim, covering the location of the contract station in the latter's drug store, required the victim to "conduct postal matters" only between the hours of 10:00 a. m. and 5:00 p. m. Hence, appellant argues, at the time of the robbery, the victim "was conducting busi-

ness other than postal matters," and the robbery and putting of his life in jeopardy therefore did not occur in his status of a postal employee.

 Section 2114 does not make the robbery a matter of commission against persons of particular title, position, or duties, but of commission against "any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States."

Any characterization in an indictment or information of the victim's title, position, or duties beyond the responsibility set out in § 2114 is surplusage and of no consequence. Banks v. United States, 7 Cir., 239 F.2d 409, 410; Jones v. United States, 7 Cir., 72 F.2d 873, 874; Martin v. United States, 10 Cir., 241 F.2d 693, 694.

Under the terms "charge, control, or custody" in § 2114, the robbery offense is subject to being committed by a taking from the victim's physical or manual possession, or by a taking from his presence when the mail matter, money or other property of the Government is subject to his control. Randazzo v. United States, 8 Cir., 300 F. 794, 797.

Here, the postal money taken was within the victim's presence and was subject to his control, at the time appellant entered the store for the purpose of committing the robbery. As a matter of fact, from the record of the sentencing proceedings, the money was in fact taken from the victim's manual possession, since he was required at gun's point to produce it and turn it over. In either event, however, it would constitute a robbery committed against him, as one having lawful charge, custody and control of the postal funds involved; and this would be true no matter in what task he may have been engaged at the time appellant entered the store—whether selling stamps or drugs.

It should perhaps be added that, while we have engaged in pointing out that appellant's contention is utterly without any possibility of substance, the question which he has sought to raise is one which could properly have been refused any examination at all in a § 2255 proceeding. One who has pleaded guilty to a criminal charge cannot ordinarily challenge the allegations of fact contained in the charge as an attack upon the judgment through a § 2255 proceeding. Cf. Hood v. United States, 8 Cir., 152 F.2d 431, 433.

To clear the records of the appeal pending from the filing of notice of appeal, the case will be permitted to be docketed without payment of fee and it will thereupon be dismissed as frivolous. The request for appointment of counsel is denied.

Appeal dismissed.