William E. KETCHUM and Leonard Hopewell, Petitioners,

v.

UNITED STATES of America, Respondent.

No. 67 Civ. 734.

United States District Court
S. D. New York.

June 13, 1967.

William E. Ketchum, Leonard Hopewell, pro se.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, New York City, for United States of America; Michael W. Leisure, Asst. U. S. Atty., of counsel.

## OPINION

**WEINFELD, District Judge.**

Petitioners were convicted upon their pleas of guilty of violating section 1407 of Title 18 of the United States Code. The indictment charges that on or about the 23rd day of August, 1966, they, "who were then and there addicted to and used narcotic drugs * * * did unlawfully enter the United States without registering their said entry with any Customs official, agent or employee . . . as required by law." Petitioners, having switched their ground since the petition was filed,[1] contend, first, they were without knowledge of the requirements of section 1407; second, no notice enumerating said requirements was posted at their point of entry; and third, they were not addicted to narcotics at the time of the offense. For the several reasons discussed below, their application is without merit.

■■ First, their pleas of guilty cannot be attacked upon the grounds here urged because a "plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects."[2] Second, section 1407 does not require proof of intent or guilty knowledge,[3] and there is no statutory requirement that a notice be posted at the point of entry.

Finally, the record not only rebuts petitioners' claims that they were not narcotics addicts at the time of the offense, but also precludes any possible claim—although not made here—that the pleas were other than voluntarily and understandingly made. The case was transferred here from the Southern District of Texas under Rule 20 upon the signed consents of both defendants, represented by court-appointed counsel, indicating their purpose to plead guilty. The indictment, which charges they were addicted to and used narcotics at the time of border crossing, was read to them upon their arraignment.

■■ The record at the time of the transfer under Rule 20, upon the entry of the pleas of guilty and thereafter upon sentencing, abundantly establishes that each defendant, at the time charged in the indictment, was and had been addicted to and used narcotic drugs, and further that the pleas were entered voluntarily and understandingly.

The files and records of the case conclusively show that petitioners are not entitled to relief,[4] and accordingly the petition is dismissed.

1. The claim in the petition itself is that they had not been previously convicted of offenses carrying penalties in excess of one year. In view of the indictment charge, this claim is irrelevant. The claims considered by this court were first advanced by petitioners in their traverse.

2. United States v. Doyle, 348 F.2d 715, 718 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). See also Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); United States ex rel. Vaughn v. LaVallee, 318 F.2d 499, 500 (2d Cir. 1963); Lockhart v. United States, 293 F.2d 314, 316 (8th Cir. 1961), cert. denied, 368 U.S. 1003, 82 S.Ct. 636, 7 L.Ed.2d 541 (1962); United States v. Miller, 254 F.2d 523, 524 (2d Cir.), cert. denied, 358 U.S. 868, 79 S.Ct. 100, 3 L.Ed.2d 100 (1958).

3. United States v. Juzwiak, 258 F.2d 844, 847 (2d Cir. 1958), cert. denied, 359 U. S. 939, 79 S.Ct. 652, 3 L.Ed.2d 639 (1959). Accord, Reyes v. United States, 258 F.2d 774, 784–785 (9th Cir. 1958). But cf. Lambert v. People of State of California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957).

4. 28 U.S.C. § 2255. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); United States ex rel. Combs v. Denno, 357 F.2d 809, 811 (2d Cir.), cert. denied, 385 U.S. 872, 87 S.Ct. 144, 17 L.Ed.2d 99 (1966); United States ex rel. Alicea v. LaVallee, 239 F.Supp. 721, 722–723 (N.D.N.Y.1965).