Roger **JEFFERSON**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 984 S 357.

Supreme Court of Indiana.

Oct. 25, 1985.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was convicted of Conspiracy to Commit Robbery, a Class B felony, Robbery, a Class B felony, two counts of Confinement, a Class B felony, and Robbery, a Class A felony. Appellant was sentenced to six (6) years on each of the Class B felonies and thirty (30) years for the Class A felony. The six (6) year sentences are to run concurrently, but the thirty (30) year sentence is to run consecutively to the others.

The facts are: On December 13, 1982, James and Daniel Dearing and Traffa La-Fave came to appellant's apartment. Appellant lived with his wife Stella Jefferson. The Dearings told appellant that they had been at a Target Store on 38th Street in Indianapolis but they had to leave because they were worried about being spotted by the police. They brought weapons to appellant's apartment. The parties entered into a plan to rob the Target Store on West 38th Street for the purpose of raising approximately fifty thousand ($50,000) dollars to get into the lottery business. Appellant, however, denies participating in the planning of the robbery.

Appellant claims Dearing told him they needed his help and, though he wanted no part of a planned robbery, Dearing threatened to harm appellant's wife if he did not . help. According to appellant, following this threat he participated in the planning of and the carrying out of the robbery. As the parties carried out the robbery, they managed to commit the various crimes for which they were convicted, including the shooting and wounding of Barbara Joan McCreary in a complicated but futile attempt at escape.

Appellant claims the trial court erred in refusing to give his instruction on the defense of duress. Appellant concedes that Ind. Code Sec. 35–41–3–8(b)(2) was interpreted in *Sanders v. State* (1984), Ind., 466 N.E.2d 424 as not permitting the defense of duress in several crimes including the crime of robbery. However, he takes the position that we should overrule the holding in *Sanders*, negate the statute and return to the common law rule that duress was a defense in all crimes except homicide. This we will not do. It is the prerog-

ative of the legislature to pass laws in derogation of the common law which they have done in this instance. We will not interfere with the public policy stated by the legislature in the statute.

Appellant claims the trial court erred in quashing his *subpeona duces tecum* of Lieutenant Zunk of the Indianapolis Police Department, and granting the protective order preventing appellant from obtaining criminal intelligence records on himself. Appellant states his reason for subpeonaing such records was to establish his claim that James Dearing had led him to become involved in unlawful organized gambling. It was his position that the police records would prove this fact.

 It is obvious this claim is connected with appellant's defense that he was under duress from Dearing. As we have previously stated, that defense is not available to appellant in this case. Thus the evidence, if obtained, would not have been admissible to serve appellant's purpose. The trial court therefore did not err in refusing to issue the *subpoena duces tecum. Armstrong v. State* (1982), Ind., 429 N.E.2d 647.

Appellant claims the trial court erred in refusing to allow appellant to change attorneys thirteen (13) days before the scheduled trial. It is appellant's claim that he had a right to counsel of his own choice under the Sixth Amendment of the United States Constitution. He also cites *Alexander v. State,* (1983), Ind., 449 N.E.2d 1068. Appellant errs in his claim that he is entitled to counsel of his own choice. This Court has held that an indigent does not have an absolute right to counsel of his own choosing. *Duncan v. State* (1980), 274 Ind. 457, 412 N.E.2d 770.

At a hearing on appellant's motion to discharge his attorney he claimed he had not received certain papers that he had requested from his attorney and therefore he wanted a new attorney. Appellant's trial had already been delayed due to his failure to appear while out on bond. His excuse for replacing his counsel shortly

before trial was weak at best. The trial court informed him that the trial would proceed, that new counsel would not be appointed, that he would either proceed with his appointed counsel or he could proceed *pro se.* This was within the sound discretion of the trial judge. We will not second-guess the trial judge on the record presented in this case. *Duncan, supra.*

The trial court is in all things affirmed.

All Justices concur.