Michael J. McCUNE, Appellant,

v.

STATE of Indiana, Appellee.

No. 884S314.

Supreme Court of Indiana.

April 28, 1986.

Patrick Murphy, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., and Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Michael McCune was convicted after trial by jury of murder, Ind.Code § 35–42–1–1 (Burns 1985 Repl.), and was sentenced to a term of imprisonment of 60 years. In this direct appeal, he raises the following issues:

1. Whether the court erred in denying McCune's motion to dismiss the charging information; and,

2. Whether the court erred in limiting appellant's evidence of the victim's aggression to testimony about incidents between McCune and the victim.

We affirm.

### I. Charging Information

McCune argues that the information against him should have been dismissed because, he claims, it shows neither that the act alleged was unlawful nor that there was a causal relationship between McCune's act and Pirtle's death. The charging words of the information read:

MICHAEL BOLANDER, being duly sworn upon his oath, says that: On or about the 2nd day of June, 1983, in Madison County, State of Indiana, MICHAEL JAY McCUNE did knowingly kill Tony M. Pirtle, by stabbing Tony M. Pirtle with a sharp metal object.

ALL OF WHICH IS CONTRARY to the form of the statutes in such cases made and provided, to-wit: I.C. 35–42–1–1(1) and against the peace and dignity of the State of Indiana.

■ The form of a charging information is governed by Ind.Code § 35–34–1–2 (Burns 1985 Repl.). The document must set forth, among other things not relevant here, the title of the action, the name of the offense, the statutory provision alleged to have been violated, the date and place of the offense, and the nature and elements of the alleged offense. An information must be sufficiently clear to protect the accused from subsequent prosecution for the same offense and to apprise him of the character of the charge against him so that he may intelligently prepare a defense. *Dorsey v. State* (1970), 254 Ind. 409, 260 N.E.2d 800; *Banks v. U.S.* (1956), 140 F.Supp. 837. McCune cannot show the document was deficient in this regard.

■ Furthermore, his specific arguments that the information does not allege an unlawful killing and that no causal relationship is shown are without merit. First, the information against him clearly alleged an *unlawful* homicide. The offense named in the caption of the information is "murder", which is stated in the information to be contrary to the statute and to the peace and dignity of the State. Second, it is not debatable that the causal relationship between McCune's alleged act and Pirtle's death is shown by the words "McCune did ... kill ... Pirtle ... by stabbing ... with a sharp metal object". The trial judge properly denied McCune's motion to dismiss the information.

### II. Self-defense

The evidence at trial showed that McCune and the victim, Pirtle, inmates at the Indiana Reformatory at Pendleton, were sitting next to one another in a waiting area outside the disciplinary hearing

room. Pirtle's hands were cuffed behind his back; appellant, because he was using crutches, was not handcuffed.

Tommy Bovard, a Pendleton employee, testified that McCune and Pirtle appeared to be conversing normally until he heard McCune say something like, "You'll never do (or say) that again". Bovard then saw McCune pull Pirtle's head back and lunge into Pirtle, stabbing him.

Several witnesses testified about what happened next. McCune, with knife in hand, chased Pirtle down the corridor screaming, "I'm glad I stuck you. I hope you die." Bovard said McCune attempted another lunge at Pirtle. Even after corrections officials halted McCune and after Pirtle was taken to the hospital, McCune continued to repeat the sentiment that he hoped Pirtle would die from the wound, which he did.

The trial court denied a motion *in limine* filed by the State and permitted McCune to present his defense of self-defense. Ind. Code § 35-41-3-2 (Burns 1985 Repl.). He testified that Pirtle and other members of the Black Gorilla (or Guerrilla?) Family, the BGF, engaged in systematic extortion and harassment of white inmates, including McCune. McCune testified he had been "raped" by Pirtle on one occasion, and on another Pirtle had kicked him repeatedly in the eye. He told the jury that Pirtle sat down next to him in the waiting area and began taunting him, then "stomped" on McCune's hurt foot and spit at him. McCune stated he had "just had enough," so he stabbed Pirtle.

The court permitted other witnesses to testify about the two incidents involving Pirtle and appellant. Others verified the stories of racial tensions within the reformatory and of the harassment by the BGF, and it was revealed that McCune had previously complained to officials about his problems with Pirtle and the BGF.

McCune's allegation of error arises from the court's ruling disallowing further testimony about prison life, racial tensions, personnel shortages, Pirtle's reputation for violence, and alleged acts of aggression by Pirtle against other inmates.

Evidence on collateral matters such as these is arguably admissible only when there is appreciable evidence to support a claim of self-defense. *Begley v. State* (1981), 275 Ind. 235, 416 N.E.2d 824; *Teague v. State* (1978), 269 Ind. 103, 379 N.E.2d 418. Even if it were believed that Pirtle stomped on McCune's foot and spit at him, McCune could not reasonably have believed that he needed to use deadly force to prevent his own serious bodily injury: Pirtle was shackled and McCune was not. Moreover, McCune told investigators he had brought the knife to the scene with the purpose of stabbing someone and that the inmate had been Pirtle was "icing on the cake". One is not justified in using deadly force as self-defense if he is the initial aggressor. Ind.Code § 35-41-3-2(d)(3) (Burns 1985 Repl.). The trial court did not err.

Having anticipated our disposition of this issue, McCune has asked this Court to consider the unique circumstances of prison life, its inherent violence and the impossibility of one's escape from the violence, and to "expand" the defenses of self-defense and duress so that they apply to his case. Duress is not a defense to homicide, *Jefferson v. State* (1985), Ind., 484 N.E.2d 22, and we have not been persuaded of the wisdom of a change in that rule of common law. Even if duress were a valid defense, McCune was clearly not facing an "imminent" threat. Ind.Code § 35-41-3-8 (Burns 1985 Repl.).

Neither do we find fault with the statute on self-defense. Appellant's description of life behind bars does not permit him a less rigorous standard than others when claiming a homicide is justifiable.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.