_____

No. 96-1913SI
_____

United States of America,          *
                                   *
          Appellee.                *
                                   *  On Appeal from the United
     v.                            *  States District Court
                                   *  for the Southern District
                                   *  of Iowa.
Warren Allen Dittrich,             *
                                   *
          Appellant.               *


_____

          Submitted:  October 21, 1996

             Filed:  November 7, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and BEAM, Circuit Judges.
_____

RICHARD S. ARNOLD, Chief Judge.


     This is a prosecution for armed robbery of a United States Postal
Substation, in violation of 18 U.S.C. § 2114(a).  The defendant, Warren
Allen Dittrich, was convicted after a jury trial.  The government then
proceeded against him at sentencing under 18 U.S.C. § 3559(c), which
requires a mandatory sentence of life in prison for certain violent felons.
The District Court[1] found that Dittrich had been convicted of three
"serious violent felonies" within the meaning of that statute, including
the instant offense and two previous convictions, and, therefore, imposed
a sentence of

_____

     [1]The Hon. Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

life in prison.   Dittrich appeals from his conviction and sentence, contending, among other things, that the evidence was insufficient to justify convicting him of the predicate offense, and that the two previous convictions on which the District Court relied do not qualify as "serious violent felonies" for purposes of the statute imposing a mandatory life sentence.   We affirm.

On April 28, 1995, the Jubilee Foods supermarket in Council Bluffs, Iowa, was robbed.   A man entered the store and walked up to the service desk.   A sign above the desk stated that the store was a location of a United States Postal Substation.   The man pulled a gun and demanded money, and the store clerk gave him money and money orders contained in the drawer assigned to the Postal Substation.   The man then left.

The defendant Dittrich meets the general description of the robber given by the store clerk.   In addition, a surveillance video tape shows a person of the same general appearance, though neither the testimony of the store clerk nor the tape could be the basis of a positive identification, the robber having disguised himself with a hat, sunglasses, and band-aids on his face.   Two people fled from the scene of the crime in a red Nissan truck, stipulated to be the vehicle regularly operated by Dittrich. Beginning on the night of that same day, Dittrich caused three postal money orders, positively identified as having been taken in the robbery, to be cashed.   And, after being arrested, Dittrich offered money and other inducements to one Roger Light, a fellow inmate, to confess to the robbery. In order to aid Light in committing this perjury, Dittrich wrote out, in his own hand, an account of the crime, in which the actions of the robber were referred to in the first person.   Light was called as a witness in the government's case in chief, and during his testimony the handwritten account prepared by Dittrich, which could reasonably be understood as amounting to a confession, was introduced into evidence.

We have no difficulty in holding that this evidence was sufficient to make a jury issue of Dittrich's guilt. Defendant suggests that the evidence makes it equally likely that he was the driver of the getaway car, and not the actual robber, and some of the evidence, to be sure, would be consistent with a conclusion that Dittrich was merely one of the two people involved in the crime, perhaps not himself the actual robber. Other evidence points strongly to Dittrich as having committed the robbery himself, notably his actions in attempting to bribe Light to commit perjury, and in furnishing Light with an account of the crime that could reasonably be understood to portray Dittrich as the man who entered the store, pointed the gun at the clerk, and took the money and money orders.

It is our duty to consider the evidence in the light most favorable to the government when evaluating a contention that the evidence was insufficient, and this evidence was ample to justify a reasonable jury in concluding beyond a reasonable doubt that Dittrich was the robber. We therefore reject Dittrich's first contention on appeal.

Defendant argues that the two previous convictions used against him in the District Court do not qualify under the statute, the so-called three-strikes-and-you're-out law. The first conviction was one for assault with intent to inflict bodily injury in Nebraska. This offense was a felony, punishable by up to twenty years in prison. The statute, 18 U.S.C. § 3559(c)(2)(F)(ii), includes among the qualifying felonies "any . . . offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another . . .." This previous conviction, to which Dittrich pleaded guilty, was for choking a woman with a scarf. The definition fits. The crime of assault with intent to inflict bodily injury does include as an element at least the attempted or threatened use of physical force against the

person of another.

The second previous conviction was for voluntary manslaughter in California. Dittrich was convicted of this crime on a plea of nolo contendere. Again, the statute applies in accordance with its express words. "[M]anslaughter other than involuntary manslaughter" is among the offenses listed in the statute as a "serious violent felony." 18 U.S.C. § 3559(c)(2)(F)(i).

Dittrich next argues that it was error to allow the government to present the testimony of Roger Light, the person whom Dittrich bribed to testify falsely that he was the robber, in its case in chief. We see no error. Bribing another person to take the blame for the crime charged shows consciousness of guilt, a fact relevant to the guilt or innocence of the defendant. Evidence of consciousness of guilt is routinely admitted against defendants in criminal cases, in the form of flight, threatening a witness, subornation of perjury, and the like. Decisions as to the order of proof lie within the sound discretion of the district courts, and we see no legal problem with the decision of the District Court in this case to permit the government to call Light in its case in chief, instead of waiting for a rebuttal.

Dittrich makes a number of constitutional arguments. He claims that the three-strikes statute violates the Double Jeopardy Clause, because it causes him to be punished anew for crimes of which he had already been convicted. He also claims that the penalty of life in prison is a cruel and unusual punishment in violation of the Eighth Amendment. Both of these contentions are foreclosed by United States v. Farmer, 73 F.3d 836 (8th Cir.), cert. denied, 116 S. Ct. 2570 (1996). We are bound by this decision. One panel of this Court is not free to disregard the previous ruling of another panel. Farmer is directly in point.

Dittrich additionally argues that the statute defining the

-4-

underlying felony, robbery of a person having lawful custody of any mail matter or money or other property of the United States, is unconstitutional under the Tenth Amendment. The argument seems to be that robbery is among those crimes traditionally punished by states, that the robber, when he entered the food store, had no idea that a Postal Substation was contained in it, and that no federal crime would have been committed had not the store clerk chosen to hand Dittrich money and money orders from the postal drawer. She could have given the robber non-postal money, out of the store's general receipts for sale of merchandise. We reject these arguments. Under Article I, Section 8, Clause 7, of the Constitution, Congress has authority "[t]o establish Post Offices and post Roads." In addition, under Article I, Section 8, Clause 18, Congress has the authority to make all laws necessary and proper for carrying into effect its enumerated powers, including the post-office power. A law making it a crime to steal property from a Post Office is well within even the narrowest construction of the Necessary and Proper Clause. Defendant appears to concede that it is not necessary for one to know that money taken is postal money, so long as that is the fact. And, in any event, a sign stating that a Postal Substation was being operated in the store appeared right over the service desk at which the robbery took place. Postal funds and property were in fact taken at gunpoint, and that is enough to satisfy both the statute and the Constitution.

Dittrich has filed a pro se supplemental brief, which we have considered. In addition, he has made a motion for leave to correct his brief, and we grant the motion. None of the points urged in Dittrich's brief is substantial. We do not believe they deserve discussion.

We appreciate the diligent and vigorous service of Dittrich's appointed counsel.

The judgment is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.