**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4868

MICHAEL HAMPTON MCANULTY, a/k/a
Michael McAnulty,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-120-V)

Submitted: April 6, 1999

Decided: April 22, 1999

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael McAnulty appeals his convictions for assault with a deadly weapon on a mail custodian, the use and possession of a firearm during a crime of violence, and being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922, 924, 2114 (1994).

McAnulty contends that the district court erred in refusing to suppress the testimony of two government witnesses who discussed the case in alleged violation of a sequestration order. The district court's decision whether or not to employ the extreme remedy of excluding the testimony of a witness who violated a sequestration order is reviewed for an abuse of discretion. See United States v. Posada-Rios, 158 F.3d 832, 871 (5th Cir. 1998), cert. denied sub nom. Murga v. United States, 1999 WL 87071 (U.S., Mar. 22, 1999) (No. 98-8140); see also United States v. Cropp, 127 F.3d 354, 363 (4th Cir. 1997), cert. denied, 66 U.S.L.W. 3491 (U.S., Jan. 26, 1998) (No. 97-7265). "`In evaluating whether an abuse of discretion has occurred, the focus is upon whether the witness's out-of-court conversations concerned substantive aspects of the trial and whether the court allowed the defense fully to explore the conversation during cross-examination.'" Posada-Rios, 158 F.3d at 871-72 (quoting United States v. Wylie, 919 F.2d 969, 976 (5th Cir. 1990)). Here, the district court placed no limitation on McAnulty's cross-examination about the out-of-court conversation and the record is devoid of any indication that the witness's testimony was influenced by their conversation. Therefore, the district court acted within its discretion in not excluding the testimony. See Cropp, 127 F.3d at 363.

We reject McAnulty's claim that the district court's instruction to the jury permitted him to be tried and convicted on charges not made in the indictment against him. A constructive amendment to an indictment occurs through a jury instruction only if the instruction "broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en banc). This did not occur in McAnulty's trial. At most a non-prejudicial variance occurred. See United States v. Redd, 161

F.3d 793, 795 (4th Cir. 1998), pet. for cert. filed Mar. 2, 1999 (No. 98-8355). Therefore, McAnulty fails to demonstrate that his conviction was obtained in violation of his Fifth Amendment rights.

McAnulty's claim that there was insufficient evidence to sustain his convictions is belied by the record. Viewing the evidence in a light most favorable to the government, we find that there was sufficient evidence for a rational trier of fact to have found the essential elements of the charged crimes beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

Finally, McAnulty challenges his life sentence for assaulting a mail custodian with a deadly weapon in violation of 18 U.S.C. § 2114. Title 18, United States Code, Section 3559(c) requires the district court to impose a life sentence on any defendant convicted of a serious violent felony who has been previously convicted of two or more serious violent felonies. A "serious violent felony" includes any offense "punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 3559(c)(2)(F)(ii). McAnulty's conviction for assaulting persons having custody of United States Postal Service property has as an element the use or attempted use of force on the person of another and is punishable by a maximum term of ten years imprisonment. See 18 U.S.C. § 2114. Accordingly, the offense is a"serious violent felony" within the meaning of § 3559. See generally United States v. Dittrich, 100 F.3d 84, 86 (8th Cir. 1996).

McAnulty's allegation that the district court erred in its application of the United States Sentencing Guidelines is moot in light of the mandatory imposition of a life sentence under § 3559(c). The Sentencing Guidelines state that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." United States Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.1(b) (1997). When§ 3559(c) is applicable, the district court is obligated to impose a life sentence "not withstanding any other provision of law." 18 U.S.C. § 3559(c)(1) (emphasis added). Because McAnulty's conviction for violating§ 2114 required the imposition of a mandatory life sentence, the district court did not

3

sentence McAnulty for that offense based on an offense level derived from the guidelines. Therefore, his claims that the district court erred in its application of U.S.S.G. §§ 4B1.1 and 2B3.1(b)(3)(A) provide no basis for relief.

Accordingly, we affirm McAnulty's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4