# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3329

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Warren Allen Dittrich, | * | District of Iowa. |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 12, 2000

Filed:  February 23, 2000

_____

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Warren Dittrich appeals from the district court's[1] order denying his motion for a new trial.  We affirm.

## I.    BACKGROUND

_____

[1]The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa.

On April 28, 1995, a man entered the Jubilee Foods grocery store in Council Bluffs, Iowa and approached the service counter. A sign above the service counter identified the store as a United States Postal Substation. The man pulled a gun and demanded money. The grocery clerk complied and gave him cash and three postal money orders. The postal money orders were "bait" money orders, that is, money orders which are specially marked to aid in apprehending thieves. Postal employees are instructed to give the "bait" money orders to the perpetrator in the event of a postal robbery. Dittrich was arrested within days after the robbery after causing the postal money orders to be cashed.

On February 1, 1996, a jury found Dittrich guilty of armed robbery of a United States Postal Substation, in violation of 18 U.S.C. § 2114(a) (1994).[2] He was sentenced to life imprisonment pursuant to 18 U.S.C. § 3559(c). Dittrich appealed and a panel of this Court affirmed his conviction. See United States v. Dittrich, 100 F.3d 84 (8th Cir. 1996).

On March 31, 1998, Dittrich filed a motion with the district court for a new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The district court denied the motion and Dittrich appeals. Dittrich argues, in support of his motion, that the prosecution failed to establish an essential element of the crime and withheld material and exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). After careful review, we find these contentions to be without merit.

## II.    DISCUSSION

---

[2]18 U.S.C. § 2114(a) prohibits the assault or robbery of "any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States."

We review the district court's denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion.  See  United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999).  A new trial will be granted based on newly discovered evidence only if the following five elements are met:

> 1) the evidence must have been discovered after the trial; 2) the failure to discover must not be attributable to a lack of due diligence on the part of the movant; 3) the evidence must not be merely cumulative or impeaching; 4) the evidence must be material; and 5) the evidence must be likely to produce an acquittal if a new trial is granted.

 United States v. Ryan, 153 F.3d 708, 713 (8th Cir. 1998).

Dittrich argues that the prosecution failed to establish an essential element of the crime, i.e., that the victim of the robbery was a "person in lawful charge, control or custody" of United States property.  Dittrich bases this contention on the status of the contract between the Postal Service and Jubilee Foods which established the latter as a United States Postal Substation.  Dittrich maintains that Jubilee's contract with the Postal Service had expired at the time of the robbery, thereby precluding the robbery victim from being a "person in lawful charge, control, or custody" of property of the United States for purposes of applying the statute.  Dittrich argues that his post-trial discovery of the expired contract constitutes new evidence which entitles him to a new trial.  We disagree.

Although factual circumstances have rarely arisen in which we are called upon to determine the meaning of "lawful charge, control, or custody" in the context of 18 U.S.C. § 2114(a), the issue is not one of first impression before this Court.  See Lockhart v. United States, 293 F.2d 314 (8th Cir. 1961) (holding that theft of United States' funds from Post Office Contract Station clerk at 5:15 p.m. satisfied "lawful charge, control, or custody" element of statute even though contract between

government and robbery victim required conduct of postal matters between the hours of 10:00 a.m. and 5:00 p.m.); Randazzo v. United States, 300 F. 794 (8th Cir. 1924) (holding that theft of mailbags from postmaster's son who was transporting mail satisfies "lawful charge, control, or custody" element of statute). Previous panels of this court have agreed that the words "lawful charge, control, or custody" should be given their ordinary meaning and significance. See Lockhart, 293 F.2d at 316; Randazzo, 300 F. at 796 (stating that "[i]f [the victim] had stolen [United States' property], and thereafter had been by defendants robbed of it, there might arise some question as to the jurisdiction of a federal court . . . , for in such case [the victim's] custody would have been unlawful and not lawful.")[3] This logic applies equally today. Giving the phrase "person in lawful charge, control, or custody" its ordinary meaning, we have no difficulty finding the phrase applicable to the victim in this case.

The Council Bluffs' Postmaster testified at Dittrich's trial that, at the time of the robbery, Jubilee Foods operated a United States Postal Substation under the authority of the Postal Service. A sign on the wall behind the service counter identified Jubilee Foods as a Postal Substation. Furthermore, the government maintains that the contract between Jubilee Foods and the Postal Service was valid. As the Lockhart court stated, "the robbery offense is . . . committed by a taking from the victim's . . . possession . . . the mail matter, money or other property of the Government [which] is subject to his control." Lockhart, 293 F.2d at 316. The victim of this crime gave an armed man property of the United States Postal Service when threatened with a gun. Irrespective of the status of the contract between Jubilee Foods and the Postal Service, she was a person with lawful charge, control, or custody of the postal money orders for the purpose of charging Dittrich with violating § 2114(a).

---

[3]The Randazzo court was applying the predecessor of 18 U.S.C. § 2114, § 197 of the Penal Code, 35 Stat. 1126 (1909).

Consequently, Dittrich has failed to satisfy the fourth and fifth elements necessary to justify a new trial: that the newly discovered evidence be material and likely to produce an acquittal. The status of the contract, even if expired, is immaterial to Dittrich's guilt. Accordingly, the district court did not abuse its discretion in denying Dittrich's motion.

Our disposition of Dittrich's motion for a new trial based on newly discovered evidence informs our consideration of his Brady motion. Denials of motions for new trials based on alleged Brady violations are reviewed under the abuse of discretion standard. See Ryan 153 F.3d at 711. A defendant establishes a Brady violation by demonstrating: 1) that the government suppressed evidence; 2) that the evidence was exculpatory; and 3) that the evidence was material either to guilt or punishment. Id. For Brady purposes, evidence is material when a "reasonable probability exists that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Lingle v. Iowa, 195 F.3d 1023, 1026 (8th Cir. 1999) (quotations omitted). As stated above, we find the status of the contract between the Postal Service and Jubilee Foods immaterial to Dittrich's guilt or punishment and therefore insufficient to satisfy the requirements of a new trial based on alleged Brady violations.[4] The district court did not abuse its discretion in denying Dittrich's motion based on this issue.

Dittrich's remaining arguments lack merit and do not warrant further discussion.

## III.   CONCLUSION

For the foregoing reasons, the district court's decision denying Dittrich's motion for a new trial based on newly discovered evidence and Brady violations is affirmed.

---

[4]Finding this, we also deny Dittrich's corollary motion for the production of documents.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.