# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3691

_____

United States of America,       *
                                *

          Appellee,      *    Appeal from the United States

                                *    District Court for the District

    v.                   *    of Nebraska.

                                *

Ronald Lee Williams,      *      [UNPUBLISHED]

                                *

          Appellant.     *

_____

Submitted:  March 11, 2003

Filed:  April 8, 2003

_____

Before McMILLIAN, FAGG, and LOKEN,* Circuit Judges.

_____

PER CURIAM.

      Ronald Lee Williams robbed a federal credit union in Omaha, Nebraska of $5025. At Williams's bench trial, two bank employees identified Williams in court as the person who had committed the crime. On cross-examination, one of the employees, Cresynthia Rogers, testified prosecuting attorneys showed her a black and white photograph of Williams while preparing her testimony. During a break, defense counsel asked the prosecutor to provide him with a copy of the photograph

*The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

shown to Rogers, and the prosecutor indicated no photograph had been shown. The trial proceeded. A third employee testified she saw a car leaving the credit union immediately after the robbery and took down the license plate number. The car was traced to Williams's friend, Terry Spevak, who testified he loaned Williams the car during the time of the robbery, while Spevak was at a meeting with his pretrial diversion officer. Spevak also viewed the credit union's surveillance tape of the robbery and said the robber was Williams. A Federal Bureau of Investigation (FBI) agent testified that after Williams was arrested in an Illinois bus terminal the day following the robbery, $4900 was found in a bag strapped to his groin area and a loaded gun was found in his luggage. The agent also testified Williams waived his <u>Miranda</u> rights and confessed to the robbery.

After Williams was convicted, the prosecutor called to inform defense counsel she had been mistaken and now recalled the government had shown Rogers several color police booking photographs of Williams. Williams filed a motion for an acquittal or a new trial. <u>See</u> Fed. R. Crim. P. 33. Williams argued (1) Rogers's testimony was the product of an unduly suggestive pretrial identification procedure and thus violated Williams's due process rights, (2) the government's failure to produce the evidence violated his right to cross-examination guaranteed by the Confrontation Clause, and (3) the government suppressed evidence favorable to the defense and material to the issue of guilt in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The district court[**] denied Williams's motion.

On appeal, Williams reasserts the same arguments. We reject them all. First, even if Rogers's in-court identification of Williams was improperly admitted, the error was harmless beyond a reasonable doubt given the other overwhelming evidence of Williams's guilt. <u>United States v. Davila</u>, 964 F.2d 778, 782 (8th Cir.

_____

[**]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

1992); Raheem v. Kelly, 257 F.3d 122, 133, 142 (2d Cir. 2001); Cossel v. Miller, 229 F.3d 649, 655 (7th Cir. 2000). Rogers's identification of Williams was simply not important considering the overall strength of the prosecution's case. Although the identification bore on a critical fact, the robber's identity, Rogers's identification was merely corroborative and cumulative. Another eyewitness employee testified and identified Williams as the robber. Spevak, Williams's friend of ten years, viewed the surveillance tape of the robbery, identified Williams as the robber, and testified he had loaned the getaway car to Williams during the time of the robbery. Other evidence showed Williams fled Omaha on a bus after the robbery. When apprehended, Williams had nearly the exact amount of cash stolen hidden on his person, and confessed to the crime. Given the overwhelming evidence of Williams's guilt, we conclude beyond a reasonable doubt that admission of Rogers's identification did not have a substantial and injurious effect on the verdict. For the same reasons, even if Williams was denied the opportunity to effectively impeach Rogers in violation of the Confrontation Clause, the error was harmless beyond a reasonable doubt. United States v. Simmons, 964 F.2d 763, 770 (8th Cir. 1992). Last, the district court did not abuse its discretion in denying Williams's motion for a new trial based on the alleged Brady violation because there is not a reasonable probability Williams would have been acquitted had the photographs been timely disclosed to him. United States v. Dittrich, 204 F.3d 819, 822 (8th Cir. 2000); see Dye v. Stender, 208 F.3d 662, 665 (8th Cir. 2000).

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-