**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1260

UNITED STATES,

Appellee,

v.

TRENT MILLER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Selya and Stahl,
Circuit Judges.

Judith H. Mizner, Assistant Federal Public Defender, on brief for appellant.
Angel Kelley Brown, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on Motion for Summary Disposition for appellee.

January 12, 2009

**Per Curiam**.  This is defendant's direct appeal from his conviction by a jury for bank robbery.  The sole issue that he raises on appeal is whether the government presented sufficient evidence to prove beyond a reasonable doubt that he was the one who robbed the bank.  The government has moved for summary disposition.  For the reason discussed below--namely, that the government produced sufficient evidence, albeit entirely circumstantial, from which the jury could reasonably conclude that defendant was the bank robber--we summarily affirm the conviction.

Where, as here, defendant preserves a sufficiency challenge, we review the sufficiency of the evidence de novo. United States v. Piesak, 521 F.3d 41, 44 (1st Cir. 2008).  Our review, however, is highly deferential to the jury's verdict, United States v. García-Ortiz, 528 F.3d 74, 83 (1st Cir.), cert. denied, 129 S. Ct. 254 (2008); we take the evidence in the light most favorable to the government and decide only whether the government has met its burden of producing evidence that "would permit a rational trier of fact to find each element of the crime[] charged beyond a reasonable doubt." United States v. Santana, 175 F.3d 57, 62 (1st Cir. 1999).  The government can meet this burden by circumstantial evidence alone, United States v. Rodríguez-Durán, 507 F.3d 749, 758 (1st Cir. 2007), cert. denied, 128 S. Ct. 1726 (2008), and "need not disprove every hypothesis consistent with the defendant's innocence; rather, it is enough that 'a rational jury

-2-

could look objectively at the proof and supportably conclude beyond a reasonable doubt that the defendant's guilt has been established.'" Santana, 175 F.3d at 62 (quoting United States v. Ingraham, 832 F.2d 229, 240 (1st Cir. 1987)).

Among the elements that the government must prove in every case is the identity of the defendant as the person who committed the charged crime. United States v. Ayala, 289 F.3d 16, 25 (1st Cir. 2002). However, evidence of that element, like evidence of any other, can be entirely circumstantial; no testimonial or physical evidence establishing the perpetrator's identity is required. United States v. Lugo Guerrero, 524 F.3d 5, 12-13 (1st Cir. 2008); Santana, 175 F.3d at 62; United States v. Doherty, 867 F.2d 47, 67 (1st Cir. 1989); United States v. Brown, 603 F.2d 1022, 1024 (1st Cir. 1979). Indeed, the absence of eye-witness identification of a robber is entirely understandable where, as here, the witnesses testified that the robber was wearing a disguise (here, a wig and dark sunglasses). See United States v. Haywood, 363 F.3d 200, 205 (3d Cir. 2004); United States v. Dittrich, 100 F.3d 84, 86 (8th Cir. 1996); United States v. Tilmon, 19 F.3d 1221, 1229 (7th Cir. 1994).

Under those standards, it is rare for a sufficiency challenge to succeed, United States v. Ortiz, 447 F.3d 28, 32 (1st Cir. 2006), and this case is no exception. Rather, as detailed below, the government presented ample evidence from which a

rational jury could reasonably conclude that defendant was the one who robbed the bank and could reasonably reject defendant's alternative theory that the offense was committed by another unidentified individual who carjacked him and forced him to drive to the bank and then in the high-speed chase that followed the robbery.

The evidence supporting defendant's identity as the bank robber included:

• Two bank tellers' descriptions of the robber as a black male about six feet tall and weighing about 200 pounds matched defendant's description of himself as six feet, one inch tall and weighing between 210 and 215 pounds.

• The get-away car was registered at defendant's address, and defendant admitted that he was driving it before and after the robbery.

• A bank employee testified that he saw only one person--the robber--enter the driver's side of the get-away car and drive away, and that employee and two witnesses who observed or participated in the high-speed chase also testified that they saw only one person in the get-away car, the driver.

• An observer testified that he saw items being tossed from the get-away car. The stolen money and the wig, sunglasses, shirt, and gun meeting the tellers' description of those worn or used by the robber were found on and next to the roads traveled

-4-

during the high-speed chase. Rubber gloves meeting the description of those worn by the robber and stained with red dye matching the color of the red-dye pack that a teller included with the stolen money were found under the driver's side of the car where it was eventually abandoned; and a pair of pants with a red-dye stain was also found not far from the abandoned car.

In his opening statement and closing argument, defense counsel posited, based primarily on a statement that defendant gave to the police at booking, that defendant was an innocent victim of an unidentified carjacker, who committed the robbery and then forced defendant to drive the get-away car while he (the carjacker/robber) crouched below the dashboard on the passenger side of the car. This alternative scenario conflicts not only with the evidence discussed above--that defendant's physical description matches that of the robber and that the defendant was the only person seen in the car by those who had an opportunity to look--but also with defendant's own story at the time that he was initially apprehended--that he was merely jogging.

In its opening and closing, the government pointed out these and other weaknesses in defendant's story, but it was not the government's burden "to exclude every reasonable hypothesis of innocence advanced by the defense." United States v. Page, 521 F.3d 101, 108 (1st Cir. 2008). Even if defendant's theory was a plausible inference from the evidence, the jury apparently chose to

believe the prosecutor's version instead.  Moreover, they did so even after being instructed by the court that "[o]ne of the most important issues in this case is the identification of the defendant as the perpetrator of the crime charged" and that "[i]f [they] are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime charged, [they] must find the defendant not guilty."  That choice was for the jury, who "may reject even a 'reasonable hypothesis inconsistent with guilt,' so long as the evidence also reasonably supports culpability," Rodríguez-Durán, 507 F.3d at 759 (quoting United States v. Guerrero-Guerrero, 776 F.2d 1071, 1075 (1st Cir. 1985)), which the evidence does here.

In sum, because a rational jury could have found the evidence adequate to conclude beyond a reasonable doubt that defendant was the one who robbed the bank, defendant's conviction is summarily affirmed.  1st Cir. R. 27.0(c).