UNITED STATES of America, Appellee,

v.

Michael S. BEGNAUD, Appellant.

No. 87–1821.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1988.

Decided June 7, 1988.

Robert G. Duncan, Kansas City, Mo., for appellant.

Cynthia Clark Campbell, John Osgood, Asst. U.S. Attys., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Michael S. Begnaud (Begnaud) was convicted on nine counts of wire fraud for obtaining nearly $8 million from various federal agencies and credit unions through fraudulent means and converting the money to his own use. This court affirmed the

conviction. *United States v. Begnaud,* 783 F.2d 144 (8th Cir.1986). Begnaud now appeals the district court's [1] decision denying his motion for a new trial on the basis of newly discovered evidence. For the reasons stated below, we affirm.

## I. BACKGROUND.

This court previously summarized the background in this case as follows:

In November 1984, a grand jury indicted Begnaud on nine counts of wire fraud in violation of 18 U.S.C. § 1343 (1982). The evidence at trial, the sufficiency of which is not challenged on appeal, established that Begnaud approached the Oak Park Credit Union in late 1983 or early 1984, offering to raise money for the small minority-owned credit union. Begnaud was elected to the board of directors of the Oak Park Credit Union soon thereafter. Then, allegedly representing himself as the authorized representative of the credit union, Begnaud secured deposits through money brokers from the Bureau of Indian Affairs, Bergstrom Federal Credit Union, and T.I.C. Federal Credit Union. Begnaud instructed the brokers to deposit these funds in a bank account he had opened in the name of "Oak Park Community C.U. Funding Account." Begnaud had designated himself as the authorized signatory, director, and secretary of the account and listed as the federal tax identification number of the account the number assigned to the Oak Park Credit Union. Begnaud allegedly used some of the money deposited in this account to make loans, investments, and various personal purchases. In March 1984, after investigating rumors that brokered funds supposedly ordered by the Oak Park Credit Union had not been deposited in the credit union's account, the Missouri State Division of Credit Unions took control of the Oak Park Credit Union and froze Begnaud's accounts.

Begnaud testified at trial that he had never represented himself as an authorized representative of the Oak Park Credit Union in order to receive deposits. Begnaud further testified that he never represented that the account in which the funds were deposited belonged to the Oak Park Credit Union or that the funds would be federally insured.

*Begnaud,* 783 F.2d at 145–46 (footnotes omitted).

The jury returned verdicts again Begnaud on all nine counts, and the district court sentenced him to a total of ten years in prison [2] and five years' probation commencing upon his release from incarceration. The district court also ordered restitution in the amount of $2,085,612.03, and imposed a $1,000 fine for each count.

■ Approximately two years after his conviction, Begnaud filed a motion for a new trial on the basis of newly discovered evidence. He claims that deposition testimony taken in civil proceedings involving the Oak Park Credit Union would tend to exculpate him. Begnaud asserted before the district court that these depositions, which were of witnesses who testified against him in the criminal action, support his defense theory that he was the dupe of the other credit union directors.

The district court ruled on the motion for new trial without conducting an evidentiary hearing. In its order, the district court stated:

The court has carefully considered defendant's statement of newly discovered evidence and concludes that it is not of "such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal." *United States v. Bednar,* 776 F.2d 236 (8th Cir. 1985).

*United States v. Begnaud,* No. 84–00168–01–CR–W–9–5 (W.D.Mo.1987). On appeal, Begnaud argues that the district court erred in denying the motion for new trial

---

**1.** The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

**2.** Begnaud's prison sentence was later reduced to five years; the other provisions of his sentence were unchanged.

and in failing to conduct an evidentiary hearing on the motion.

## II. DISCUSSION.

### A. Motion for New Trial.

In this circuit, it is well-settled that there are five prerequisites which must ordinarily be met to justify a new trial on the ground of newly discovered evidence:

(1) the evidence must be in fact newly discovered, that is, discovered since the trial;

(2) facts must be alleged from which the court may infer diligence on the part of the movant;

(3) the evidence relied upon must not be merely cumulative or impeaching;

(4) it must be material to the issues involved; and

(5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Bednar,* 776 F.2d 236, 238 (8th Cir.1985) (quoting *United States v. Ventling,* 678 F.2d 63, 67 (8th Cir.1982)). Moreover, "[t]he grant or denial of a motion for new trial based on newly discovered evidence is within the broad discretion of the trial court, and the trial court's decision will not be reversed absent a clear abuse of discretion." *United States v. Massa,* 804 F.2d 1020, 1022 (8th Cir.1986) (quoting *United States v. Ward,* 544 F.2d 975, 977 (8th Cir.1976)).

We have reviewed Begnaud's statement of the newly discovered evidence, and we agree with the district court that the evidence is not such that it would "probably produce an acquittal," *Bednar,* 776 F.2d at 238–39. Moreover, we believe that Begnaud's new evidence is nothing more than impeachment evidence. Therefore, the district court's order was not an abuse of discretion.

### B. Right to an Evidentiary Hearing.

"A motion for new trial based on newly discovered evidence may be decided ordinarily upon affidavits without a hearing." *Ward,* 544 F.2d at 976. The decision whether to hold a hearing is within the broad discretion of the district court.

*United States v. Cardarella,* 588 F.2d 1204, 1205 (8th Cir.1978); *Bednar,* 776 F.2d at 239.

The necessity for a hearing is lessened in cases involving challenged testimony where the trial judge has had the opportunity to observe the demeanor and weigh the credibility of the witness at trial. *Ward,* 544 F.2d at 976. Finally, the failure to request an evidentiary hearing militates against a holding that the failure to grant one is an abuse of discretion. *Bednar,* 776 F.2d at 239.

Here, the district judge who denied the motion for new trial presided over the original trial and had the opportunity to observe the witnesses. Moreover, nowhere in his motion did Begnaud request a hearing. Accordingly, we conclude that the trial judge did not abuse his discretion in rendering a decision on the motion for new trial without an evidentiary hearing.

## III. CONCLUSION.

The judgment of the district court is affirmed.