**UNITED STATES of America, Appellee,**

v.

**David L. MOSBY, Appellant.**

**No. 93–2057.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1993.

Decided Dec. 27, 1993.

Alan Jay Koshner, St. Louis, MO, argued, for appellant.

Edward J. Rogers, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

David L. Mosby appeals from an order of the district court[1] summarily denying his motion for a new trial under Fed.R.Crim.P. 33. We affirm.

In February 1991, Mosby and several co-defendants were convicted by a jury of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In June 1992, this court affirmed the convictions. *United States v. England,* 966 F.2d 403 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 668, 121 L.Ed.2d 592 (1992). In November 1992, Mosby filed a Rule 33 motion allegedly based on newly discovered evidence. In support of the motion, Mosby attached two letters from codefendant Myles Curtis. In a November 1991 letter, Curtis stated that while he was in prison awaiting trial he had viewed a video tape and listened to an audio tape of a March 12, 1990 conversation between him and an informant. Curtis further stated the tapes were not played at trial and contained exculpatory information about Mosby. Curtis claimed that during the conversation he told the informant that Mosby wanted nothing to do with the informant's drugs. In an October 1992 letter, Curtis stated he had not testified on Mosby's behalf at the joint trial, but would have done so had the district court granted severance and would do so in the event the court granted Mosby a new trial.

The district court did not abuse its discretion in denying the Rule 33 motion without a hearing. Among other things, in order to obtain relief under Rule 33, a movant must produce newly discovered evidence, " 'that is [evidence] discovered since the trial' " and allege facts " 'from which the court may infer diligence on the part of the movant.' " *United States v. Begnaud,* 848 F.2d 111, 113 (8th Cir.1988) (quoting *United States v. Bednar,* 776 F.2d 236, 238 (8th Cir.1985)). Mosby fails on both grounds. First, Curtis' letters are not newly discovered evidence. This court has held that " 'when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not newly discovered.' " *United States v. Rogers,* 982 F.2d 1241, 1245 (8th Cir.) (quoting *United States v. Offutt,* 736 F.2d 1199, 1202 (8th Cir.1984)), *cert. denied,* — U.S. —, 113 S.Ct. 3017, 125 L.Ed.2d 706 (1993). Second, Mosby did not act with diligence concerning the alleged exculpatory conversation on the November 12, 1990 audio recording. Although in his opening brief, Mosby's counsel asserted that the government failed to disclose the recording in discovery, in his reply brief and at oral argument, he conceded the government had done so.[2] We further note that during trial the government offered counsel the opportunity to listen to the original tapes, including tapes not offered in evidence.

Accordingly, we affirm.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. At oral argument, counsel maintained that the government had not turned over the video recording. The government responded that it made the recording available and in any event the video recording did not have an audio component. Even assuming that the government did not disclose the video recording, its failure to do

so would be harmless. In his October 1992 letter, Curtis stated that the alleged conversation was recorded on an audio cassette. Moreover, even if the audio tape contained the conversation between Curtis and the informant, given the trial evidence of Mosby's participation in the conspiracy, we do not believe introduction of the conversation " 'probably would produce an acquittal.' " *See Begnaud,* 848 F.2d at 113 (quoting *Bednar,* 776 F.2d at 238–39).