# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4126

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the District of Minnesota. |
| Paul W. Moore, II, also known as | * | |
| Antoine Petroye Roberts, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 15, 2000

Filed: August 3, 2000

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____

ROSS, Circuit Judge.

Paul W. Moore appeals from the district court's[1] denial of his Fed. R. Crim. P. 33 motion for a new trial. We affirm.

In United States v. Moore, 129 F.3d 989 (8th Cir. 1997), cert. denied, 523 U.S. 1067 (1998), we affirmed Moore's convictions for conspiracy to distribute cocaine and

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

crack cocaine, possession with the intent to distribute crack cocaine, possession with the intent to distribute cocaine, and being a felon in possession of a firearm. In conducting harmless error review, we found "substantial evidence of Moore's guilt." Id. at 991. As to the crack and firearm possession convictions, we noted that police officers saw Moore throw a bag containing crack from a car window and seized a gun from the car. As to the cocaine possession conviction, we noted that although Moore was not present when officers executed a search warrant in the afternoon of June 3, 1996, at an apartment where his cousins, Walter Clayton and Russell Noah, were present, officers found "numerous personal articles belonging to Moore." Id. at 991-92. In particular, an airline boarding pass, a driver's license receipt, a sentencing document, and photographs "were found in or next to a bag located in the same closet where the 1,000 grams of cocaine were found." Id. at 992. In addition, the officers had information to believe that the apartment was a "stash house," and the apartment manager saw a car matching Moore's at the apartment on several occasions. Id.

Moore filed a Rule 33 motion for a new trial, asserting newly discovered evidence explained how his belongings were found in the apartment.[2] At a hearing, Matthew Menkey, an attorney who represented Moore in another case, testified that on April 2, 1996, he picked up a garbage bag containing some of Moore's belongings at a county workhouse, did not inventory the bag, and gave it to Clayton before June 2. Clayton testified that he picked up the garbage bag from Menkey, but did not go through it. He also testified that on the morning of the search, he took some of Moore's things from a hotel room to the apartment. Moore testified he did not know how his belongings ended up in the apartment until he received an accounting from Menkey after trial.

---

[2]Although at oral argument the government asserted the cocaine count did not affect Moore's sentence, because this issue was not briefed, we will address the denial of the Rule 33 motion on the merits.

The district court did not abuse its discretion in denying the motion for a new trial. See United States v. Dittrich, 204 F.3d 819, 821 (8th Cir. 2000). "Among other things, in order to obtain relief under Rule 33, a movant must produce newly discovered evidence, 'that is [evidence] discovered since the trial' and allege facts 'from which the court may infer diligence on the part of the movant.'" United States v. Mosby, 12 F.3d 137, 138 (8th Cir. 1993) (per curiam) (quoting United States v. Begnaud, 848 F.2d 111, 113 (8th Cir. 1988)). As the court held, Moore's evidence is not newly discovered since the factual basis of his claim was available at trial. See United States v. Ryan, 153 F.3d 708, 713 (8th Cir. 1998), cert. denied, 119 S. Ct. 1454 (1999). Moore knew which items linked him to the apartment, knew his cousins were in the apartment, and could have asked them about his belongings. Although Moore argues that Clayton was an unavailable witness since he was awaiting sentencing for his role in the drug conspiracy, this court has held that "'when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not newly discovered.'" Mosby, 12 F.3d at 138 (quoting United States v. Rogers, 982 F.2d 1241, 1245 (8th Cir.), cert. denied, 509 U.S. 912 (1993)).

We also agree with the district court that even if the evidence were newly discovered, it would not be likely to produce an acquittal on retrial. See Dittrich, 204 F.3d at 821. Although Moore argued at trial that he did not know how his belongings ended up in the apartment, we doubt that Clayton's testimony would have aided Moore. Credibility issues aside, see United States v. Papajohn, 212 F.3d 1112, 1118 (8th Cir. 2000) (in considering Rule 33 motion trial court must determine whether jury would believe new evidence), Clayton did not identify which of Moore's items he brought to the apartment nor where he placed them. We also note that Menkey testified he picked up items at the workhouse on April 2, 1996, but Moore's boarding pass was dated May 15, 1996. In addition, although Moore asserts this court characterized the evidence in support of the cocaine possession count as tenuous, we only said it was "a bit more

tenuous" than the unassailable evidence in support of the other counts. <u>Moore</u>, 129 F.3d at 991.

Accordingly, we affirm the district court's denial of the Rule 33 motion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT