# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1321

_____

United States of America,

        Appellee,

        v.

Travis Grover,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Northern District of Iowa.
\*
\*
\*

_____

Submitted: November 14, 2007
Filed: December 26, 2007

_____

Before MELLOY, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Travis Grover challenges his conviction for distributing or aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841. He asserts that there was insufficient evidence to support the conviction and that he should have been granted a new trial based on newly discovered evidence. Finding no error, we affirm the judgment of the district court.[1]

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

I.


On October 13, 2004, Stan Butterbaugh, Shane Peterson, and Anne Green went looking for heroin and other drugs in Cedar Rapids, Iowa. With them was Green's fifteen year old daughter Nicole, who did not use drugs. Eventually Butterbaugh contacted Travis Grover, who said that he could acquire some heroin that afternoon. The four went to Grover's apartment, and Butterbaugh gave him $100. Grover went to an adjacent parking lot and returned with heroin. In a back room, Grover gave the heroin to Butterbaugh, who then shared it with Peterson, Green, Grover, and Grover's girlfriend. They all injected the drug while Nicole waited in the living room.

Hours later, Butterbaugh wanted more heroin, so he called Grover again and arranged to meet him at the apartment of Shaun Williams, another heroin user and middleman. After Butterbaugh and Peterson arrived, Grover asked Williams, "Could you call your guy?" Williams answered that he had already contacted his source and bought a half-gram of heroin. Butterbaugh gave some cash to Grover, who then gave $20 to Williams. Williams gave Grover a quarter gram, who in turn gave the quarter gram to Butterbaugh.

Upon returning to Peterson's apartment, Butterbaugh, Peterson, and Green again went to a back room and injected heroin while Nicole stayed in the living room. Soon thereafter, Butterbaugh lay on the floor. A short time later, he began to have trouble breathing. Green called 911 for emergency help; Butterbaugh was taken to a hospital where he was pronounced dead.

The United States charged Travis Grover with one count of distributing or aiding and abetting the distribution of heroin, resulting in the death of Stan Butterbaugh. 21 U.S.C. § 841(a)(1), (b)(1)(C). After a trial at which nine government witnesses testified, the jury returned a verdict of guilty on the distribution charge, but

was unable to find beyond a reasonable doubt that Grover's distribution of heroin caused Butterbaugh's death.

Months later, one of the trial witnesses allegedly told a government informant that Grover had nothing to do with distributing the heroin that resulted in Butterbaugh's death. Grover moved for a new trial based on newly discovered evidence. The district court denied the motion, finding that the informant's statement was not likely to produce an acquittal if it were introduced at a second trial, and that it could only be used for impeachment purposes. At sentencing, the court found that Grover had a criminal history category VI and an offense level of 24, for a sentencing guidelines range of 100 to 125 months. He was sentenced to a prison term of 120 months. On appeal, Grover asserts that his conviction was based on insufficient evidence, and that he should have been granted a new trial based on newly discovered evidence.

## II.

We review *de novo* a challenge to a verdict based on sufficiency of the evidence. United States v. Johnson, 450 F.3d 366, 372 (8th Cir. 2006), cert. denied, 127 S. Ct. 1009 (2007). Viewing the evidence in the light most favorable to the verdict, we accept all reasonable inferences that may be drawn in the verdict's favor. Id. Only if no reasonable jury could have found the defendant guilty will we reverse. Id.

It is unlawful to knowingly or intentionally distribute heroin or any other controlled substance. 21 U.S.C. § 841(a)(1). One who "aids, abets, counsels, commands, induces or procures" the distribution of heroin may be punished in the same manner as the principal offender. 18 U.S.C. § 2(a). Grover was guilty as principal if he intentionally transferred heroin to Butterbaugh and knew at the time of the transfer that the substance was heroin. Grover was guilty as an aider and abettor

if he associated himself with the unlawful distribution, sought by his actions to make it succeed, and had the criminal intent required of a principal. United States v. Roberson, 439 F.3d 934, 942 (8th Cir.), cert. denied, 127 S. Ct. 409 (2006).

For his argument that the evidence was insufficient for a reasonable jury to find him guilty beyond a reasonable doubt, Grover complains that the witnesses who testified against him were convicted felons, and that one of them had agreed to cooperate with the government. Credibility assessments are for a jury to make, and the test for rejecting evidence as not credible is so rigorous that it could be fairly said to apply only to testimony asserting facts that are physically impossible. United States v. Hakim, 491 F.3d 843, 845 (8th Cir. 2007); United States v. Crenshaw, 359 F.3d 977, 988 (8th Cir. 2004). Consequently, a verdict based solely on the testimony of co-conspirators and cooperating witnesses should normally be upheld. United States v. Tabor, 439 F.3d 826, 829 (8th Cir. 2006).

The witnesses to a drug transaction are likely to be other drug users or dealers. See United States v. Bass, 478 F.3d 948, 951 (8th Cir. 2007) ("The government, of course, must often rely on witnesses with a less than impeccable history in order to prosecute criminal activity."). At Grover's trial, however, the testimony of the other drug users was corroborated by Nicole Green, an innocent non-user. It was not unreasonable for the jury to believe the witnesses' testimony and find Grover guilty.

III.

Among the witnesses at Grover's trial was Jason Winters, who was a roommate of Shaun Williams and a fellow heroin user. Winters testified that he had used heroin with Grover and that he saw Grover with some other people in his kitchen on the day that Stan Butterbaugh died. He said that Grover did not fit "your normal sterotype of a drug dealer . . . ." Grover argues that he should have been granted a new trial because Winters was alleged to have spontaneously told a government informant that

Grover had nothing to do with distributing the heroin that resulted in Stan Butterbaugh's death. This purportedly exculpatory evidence is found in a report by the Drug Enforcement Administration that summarizes the testimony of an informant at the Linn County Jail, where Winters was being held.

According to the informant, Winters was talking out loud to himself, saying something to the effect of "Hope they don't find that out," "Hope they don't hear that," or "Hope that don't come out." Winters then allegedly told the informant that he had actually obtained the heroin that resulted in Butterbaugh's death, and that Grover had nothing to do with it. Winters says that he gave the heroin to Shaun Williams, who in turn gave it to Butterbaugh.

Abuse of discretion is the standard under which we review the denial of a defendant's motion for a new trial based on newly discovered evidence. United States v. Haskell, 468 F.3d 1064, 1076 (8th Cir. 2006), cert. denied, 127 S. Ct. 2446 (2007). To prevail on such a motion, the defendant must prove that (1) the evidence was unknown or unavailable at the time of trial, (2) the defendant did not lack diligence in attempting to uncover it, (3) the newly found evidence is material, and (4) the evidence is likely to produce an acquittal if a new trial is granted. Id. The motion is properly denied if the newly discovered evidence is merely cumulative or impeaching. Johnson, 450 F.3d at 372; United States v. Estabrook, 774 F.2d 284, 290 (8th Cir. 1985).

The statements attributed to Jason Winters fail to meet this standard. Two witnesses, neither of whom was Winters, testified that they saw Grover take money from Butterbaugh and then give him heroin. Three witnesses, none of whom was Winters, testified that Grover distributed heroin to Butterbaugh twice on October 13, 2004. It is highly unlikely that an acquittal would result from a new trial in which the reputed Winters statements were included.

## IV.

For the reasons stated above, the judgment of the district court is affirmed.

_____