# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1553

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Solomon L. Coffey, | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: December 15, 2008

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Solomon Coffey challenges the district court's[1] denial of his motions for a new trial, for an evidentiary hearing on this motion, and to suspend ruling on this motion pending submission of an additional supporting affidavit. We affirm.

_____

[1] The Honorable Laurie S. Camp, United States District Judge for the District of Nebraska.

I

On February 20, 2003, Coffey was charged with conspiracy to distribute and possess with intent to distribute cocaine base, i.e., crack cocaine, in violation of 21 U.S.C. § 846. During trial, the government presented its case through the testimony of one police officer and five co-conspirators. The co-conspirators, including Roderick Jennings, all testified pursuant to cooperating plea agreements. The jury found Coffey guilty. The district court sentenced Coffey to 324 months imprisonment, a five-year term of supervised release, and a $100 special assessment. Coffey appealed his conviction and sentence. We affirmed. United States v. Coffey, 415 F.3d 882 (8th Cir. 2005) (*en banc*).

On December 11, 2006, Coffey filed motions for a new trial, for an evidentiary hearing on this motion, and to suspend ruling on this motion pending submission of an additional supporting affidavit. As grounds for the motion for a new trial, Coffey argues Jennings recanted his trial testimony. As support, he submitted an affidavit by an inmate, referred to herein for anonymity purposes as "C." C was told by Tony Alexander, another inmate, that Jennings told him he had fabricated his testimony at Coffey's trial. Coffey also asked the court to suspend ruling on the motion for a new trial until an additional affidavit could be provided from another witness "who can provide additional evidence in favor" of the motion for a new trial.

On February 22, 2008, the district court denied Coffey's motions. The court found, even assuming Jennings recanted his testimony, substantial evidence existed to support the guilty verdict. This appeal followed.

II

The district court did not abuse its discretion by denying Coffey's motion for a new trial. To the extent C's affidavit would be offered to impeach Jennings's

testimony, such impeachment is insufficient to warrant a new trial. In addition, Jennings's recantation is not likely to produce an acquittal because of the strength of the evidence against Coffey.

In order to prevail on his motion for a new trial based on newly discovered evidence, Coffey must demonstrate: "(1) the evidence was unknown or unavailable at the time of trial, (2) the defendant did not lack diligence in attempting to uncover it, (3) the newly found evidence is material, and (4) the evidence is likely to produce an acquittal if a new trial is granted." United States v. Grover, 511 F.3d 779, 783 (8th Cir. 2007). "[I]n order to meet the materiality requirement, newly discovered evidence must be 'more than merely . . . impeaching.'" United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007) (ellipses in original) (quoting United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001)). We review the denial of a motion for a new trial for abuse of discretion. United States v. Rojas, 520 F.3d 876, 884 (8th Cir. 2008).

Assuming it could avoid the hearsay problem, C's affidavit would be offered merely to impeach Jennings's testimony, which is insufficient to warrant a new trial. See Baker, 479 F.3d at 577 (collecting cases). Moreover, Jennings's alleged post-trial admission to Alexander constitutes recanted testimony, so "we view it and its potential evidentiary value at a new trial with suspicion." United States v. Holmes, 421 F.3d 683, 688 (8th Cir.2005); see also United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005) ("The stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial."). Although "recanted testimony that bears . . . directly on the defendant's guilt will warrant a new trial if it would probably produce an acquittal upon retrial," Dogskin, 265 F.3d at 685, Jennings's recantation is not likely to do so, given the substantial evidence demonstrating Coffey's guilt. The other co-conspirators' testimony sufficiently demonstrated Coffey bought and sold large quantities of crack cocaine. See United States v. Coffey, 395 F.3d 856, 860 (8th Cir. 2005) (vacated on other grounds) (relying on testimony by co-conspirators other than

-3-

Jennings to conclude the "the government's evidence showed that Coffey was deeply involved in a conspiracy to distribute crack").

Coffey has thus failed to demonstrate the district court abused its discretion in denying his motion for a new trial.

III

Because the judge who ruled on the motion for a new trial also presided over Coffey's trial and Coffey has not demonstrated exceptional circumstances warranting an evidentiary hearing, the district court did not abuse its discretion by denying Coffey's request for an evidentiary hearing.

We review the denial of a motion for an evidentiary hearing on a motion for a new trial for abuse of discretion. United States v. Rojas, 520 F.3d 876, 884 (8th Cir. 2008). "Absent exceptional circumstances, a motion for new trial based on newly discovered evidence may be decided on affidavits without a hearing." Baker, 479 F.3d at 579 (quoting Dogskin, 265 F.3d at 687). Furthermore, "[t]he necessity for a hearing is lessened in cases involving challenged testimony where the trial judge has had the opportunity to observe the demeanor and weigh the credibility of the witness at trial." Id.

Having conducted Coffey's trial, the district court knew the facts of the case and had observed the witnesses and evidence. Therefore, the district court was able to determine the impact of the newly discovered evidence on Jennings's testimony and the strength of the government's case against Coffey. Because Coffey does not present exceptional circumstances, the district court did not abuse its discretion in denying his motion for an evidentiary hearing on the motion for a new trial.

-4-

## IV

The district court did not abuse its discretion when it denied Coffey's motion to suspend ruling on his motion for new trial. Coffey asserts he has a witness who could provide evidence in favor of his new trial motion; however, he needs additional time to secure the person's affidavit. He provided no other details to the district court (or this Court). In addition, although his motion to suspend ruling was ultimately denied, Coffey had over six months to provide the district court with the affidavit of the alleged additional witness, and did not so do. Accordingly, the district court did not abuse its discretion.

## V

We affirm.

_____