# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2810

_____

United States of America,                    *
                                             *
            Plaintiff – Appellee,            *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    District of Nebraska.
Alfonzo Traymayne Lee, also known            *
as Nino, also known as Alfonzo T. Lee,       *
                                             *    [UNPUBLISHED]
            Defendant – Appellant.           *

_____

Submitted: January 13, 2009
Filed: February 24, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Alfonzo Traymayne Lee appeals the district court's[1] denial of his motion for a new trial.  We affirm.

_____

      [1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

I

Lee was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and one count of using, carrying, or brandishing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Lee was sentenced to 262 months imprisonment on the conspiracy count and a consecutive term of 84 months imprisonment on the firearm count. Lee appealed his conviction and sentence. The case was remanded to the district court by this Court for re-sentencing following remand by the Supreme Court. United States v. Lee, 451 F.3d 914 (8th Cir. 2006), rev'd 128 S. Ct. 855 (2008), on remand, 521 F.3d 911 (8th Cir. 2008). During the pendency of the appeal, Lee filed a motion for a new trial on the basis of newly discovered evidence. The district court's order denying this motion is the basis of the instant appeal.

At his criminal trial, the government presented testimony from several cooperating witnesses receiving a reduced sentence for their testimony. These witnesses testified about Lee's numerous purchases and sales of crack. Two of these witnesses also testified regarding Lee's leadership or supervision of a man identified as "Thug." In addition, the government introduced evidence of crack seized from Lee during a traffic stop on June 15, 2004.

In his motion for a new trial, Lee alleges that, if McArthur Higgins, aka Thug, had testified on his behalf at trial, this would have resulted in his acquittal on the conspiracy charge. Specifically, Higgins would testify Lee did not deal crack. As additional support for his new trial motion, Lee offered into evidence a portion of a report regarding Chester Doyle's proffer interview, in which Doyle asserts Isaiah Cobb, who testified against Lee at his trial, conspired with another person to incriminate Doyle.

-2-

The district court found Higgins's testimony was material, but Lee failed to demonstrate he was unaware of the evidence at the time of trial, he was diligent in attempting to discover the evidence, or the new evidence would likely result in an acquittal. The court also found Higgins was not a credible witness. Accordingly, the court denied the motion for new trial. Lee was then re-sentenced to 168 months imprisonment on the conspiracy charge and a consecutive term of 84 months imprisonment on the firearm charge. This appeal followed.

II

We review the denial of a motion for a new trial for abuse of discretion. United States v. Rojas, 520 F.3d 876, 884 (8th Cir. 2008).

In order to prevail on his motion for a new trial based on newly discovered evidence, Lee must demonstrate: "(1) the evidence was unknown or unavailable at the time of trial, (2) the defendant did not lack diligence in attempting to uncover it, (3) the newly found evidence is material, and (4) the evidence is likely to produce an acquittal if a new trial is granted." United States v. Grover, 511 F.3d 779, 783 (8th Cir. 2007). "[I]n order to meet the materiality requirement, newly discovered evidence must be 'more than merely . . . impeaching.'" United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007) (quoting United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001)).

The district court properly held Lee had not met his burden of establishing reasonable diligence as to the testimony of Higgins. Due to the evidence adduced at trial connecting Lee to Higgins, Higgins was a prime target to question. But, at the new-trial hearing, Lee's counsel admitted Lee and he had done nothing to locate Higgins prior to trial. Such inaction does not qualify as reasonable diligence. See United States v. Moore, 221 F.3d 1056, 1058 (8th Cir. 2000) (holding that, to obtain

a new trial based on newly discovered evidence, the defendant must allege facts from which the court may infer diligence on the part of the defendant).

In addition, Doyle's proffer interview would be offered merely to impeach a government witnesses's testimony, which is insufficient to warrant a new trial. <u>See</u> <u>United States v. Baker</u>, 479 F.3d 574, 577 (8th Cir. 2007) (collecting cases); <u>United States v. Johnson</u>, 450 F.3d 366, 372-73 (8th Cir. 2006) (holding that the district court did not abuse its discretion in denying motion for new trial based on newly discovered evidence where the "evidence would serve only to impeach . . . testimony").

Thus, Lee has failed to demonstrate the district court abused its discretion in denying his motion for a new trial.

III

We affirm the district court.

_____