Chen v. Garland

BIA
Factor, IJ
A208 011 724

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

LIANG CHEN,
> *Petitioner,*

v.                                                                 **23-6092**
                                                                   NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Nataliya I. Gavlin, Esq., Gavlin & Associates, P.C., New York, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liang Chen, a native and citizen of the People's Republic of China, seeks review of a December 30, 2022, decision of the BIA affirming a September 3, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Chen*, No. A 208 011 724 (B.I.A. Dec. 30, 2022), *aff'g* No. A 208 011 724 (Immig. Ct. N.Y. City Sept. 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao,* 891 F.3d at 76.

Chen alleged that he was arrested and beaten for attending an underground church in China. Substantial evidence supports the agency's adverse credibility determination.

3

First, the agency reasonably relied on inconsistencies between Chen's statements and a letter from his mother. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen testified that he called his mother the day of his arrest to tell her he had been arrested. However, Chen's mother wrote, "in the evening, a middle-aged woman came to my house and told me that my son was taken by the police." The IJ was not compelled to accept Chen's explanation that he did not know about this woman because he testified that his mother told him about the woman when he was released from detention. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably relied on inconsistencies between Chen's written and oral statements regarding whether he gave the police his name when he was arrested. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At the hearing, Chen affirmed multiple times that when he was arrested and later detained, the police asked his name, but he did not tell them. However, in the statement submitted with his application he wrote that he gave his name during an interrogation. When confronted with this inconsistency, Chen paused, and then stated that he was

4

mistaken, and that he did give the police his name. Although he changed his testimony, he did not explain why he had testified to the contrary.

Chen argues that these minor inconsistencies are insufficient grounds for an adverse credibility determination. To the contrary, the agency may consider even minor inconsistencies in evaluating credibility, "so long as the 'totality of the circumstances' establishes that [the] asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). And the inconsistencies here are not minor or immaterial, as they relate to and call into question the sole incident of alleged persecution. "[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully." *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020).

Finally, the agency did not err in relying on a lack of corroboration of Chen's arrest and detention where, as here, credibility was already in question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Chuilu Liu v. Holder*, 575 F.3d 193,

198 n.5 (2d Cir. 2009) (distinguishing between situations where a failure to corroborate provides support for an adverse credibility determination and where a failure to corroborate is the basis for a conclusion that an applicant did not meet his burden of proof). Chen testified that his uncle bailed him out of detention, and "probably" got a receipt, but that his mother had the receipt and other documentation of his detention. Given that the evidence was directly relevant to Chen's alleged persecution and his admission that the evidence existed, the IJ reasonably relied on the absence of the evidence. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination . . . with respect to the availability of corroborating evidence, . . . unless the court finds, . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The IJ was not required to give Chen additional time to obtain corroboration. *See Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (holding that "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ" (quoting *Chuilu Liu*, 575 F.3d at 198)).

And Chen does not challenge the BIA's conclusion that he waived review of the IJ's finding that he failed to corroborate his U.S. church attendance. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any

claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

In sum, substantial evidence supports the adverse credibility determination given the inconsistencies regarding Chen's arrest and detention and the lack of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>